Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

```
____ FILED            ____ RECEIVED
____ ENTERED          ____ SERVED ON
             COUNSEL/PARTIES OF RECORD

        MAR 16 2020

     US DISTRICT COURT
     DISTRICT OF NEVADA
                           DEPUTY
```

# UNITED STATES DISTRICT COURT
for the

District of Nevada

_____ Division

Victor Camargo Juarez

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

CKE Restaurants, Inc.; BR Reno Star LLC dba Carl's Jr.; Ana [last name unknown] District Manager, an Individual; Malinalitzin Oliva, an Individual; Suleyca Hernandez, an Individual; DOES 1-10

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 3:20-cv-00162
    *(to be)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Victor Camargo Juarez |
| Street Address | 517 Brinkby Avenue Apt. 813 |
| City and County | Reno/Washoe |
| State and Zip Code | NV 89509 |
| Telephone Number | 775-470-3637 |
| E-mail Address | vjuarez775@gmail.com |

Page of 8

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CKE Restaurants, Inc.; |
| Job or Title *(if known)* | Corporation |
| Street Address | 6700 Tower Circle, Suite 1000 |
| City and County | Franklin |
| State and Zip Code | TN 37067 |
| Telephone Number | 615-538-9400 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | BR Reno Star LLC dba Carl's Jr. |
| Job or Title *(if known)* | Carl's Jr. Franchise -Store 795 |
| Street Address | 5880 S. Virginia Street |
| City and County | Reno/Washoe |
| State and Zip Code | NV 89502 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Ana [last name unknown] District Manager, an Individual |
| Job or Title *(if known)* | District Manager-inclusive of store 795 |
| Street Address | 5880 S. Virginia Street |
| City and County | Reno/Washoe |
| State and Zip Code | NV 89502 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Malinalitzin Oliva, an Individual |

|   |   |
|---|---|
| Job or Title *(if known)* | Store Manager-store 795 |
| Street Address | 5880 S. Virginia Street |
| City and County | Reno/Washoe |
| State and Zip Code | NV 89502 |
| Telephone Number |   |
| E-mail Address *(if known)* |   |

**C.   Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

|   |   |
|---|---|
| Name | Carl's Jr. |
| Street Address | 5880 S. Virginia treet |
| City and County | Reno/Washoe |
| State and Zip Code | NV 89502 |
| Telephone Number |   |

**II.   Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*:

☐   Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☒    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☒    Other acts *(specify)*:    I was subjected to illegal workplace disparate treatment discrimination by being singled out and treated differently than similarly situated employees based solely on my gender and disability, specifically employer was aware of my diagnosed ADA protected disability and granted my reasonable accommodations then violated my restrictions by requiring me to regularly lift more than 25 pounds and do physically demanding work because I am 'a guy;' Both the Defendant Store Manager and Defendant Assistant Store Manager were women, and only one male other than me worked at the store, and he and I were regularly asked to do the heavy lifting and physically demanding work at the store specifically and explicity because of our gender, as I was often told to do something challenging by the two female store managers 'because you're a guy'; I was subjected to sexual harassment by Assistant Store Manager, Defendant Suleyca Hernandez, who in three specific and separate instances rubbed her breasts on me and against my person in a manner that was harmful and offensive to me; I thereafter reported the sexual harasssment to Store Manager, Defendant Malinalitzin Oliva on July 10, 2019, who said to me 'What do you want me to say to her [Ms. Hernandez] about it'?; In the next day or two, Ms. Hernandez approached me and said 'I can't believe you told Malina that I was sexually harassing you'; I was fired on July 12, 2019, in a blatant act of Retaliation by the District Manager, Defendant Ana [last name unknown at this time], TWO days AFTER I reported the sexual harassment.

*(Note:  Only those grounds raised in the charge filed with the Equal Employment*

    *Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)

    Between April 2019 and July 12, 2019. I filed with the EEOC within 2 weeks of being terminated, received the Right to Sue notice, and timely filed this Complaint within 90 days of issuance the Right to Sue

C.     I believe that defendant(s) *(check one)*:

    ☐     is/are still committing these acts against me.

    ☒     is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

    ☐     race

    ☐     color

    ☒     gender/sex     female Store Manager & female Asst Store Manager required me to do grunt work and heavy lifting in violation of my granted ADA reasonable accommodations solely because I was "a guy;' I was subjected to sexual harassment by the Asst Store Manager by 3 specific instances in 3 months of her rubbing her breasts on me and against me when she would approach and stand against me in unnecessarily close proximity; I was fired by female District Manager two days after reporting to Store Manager that I was sexually harassed by Asst Store Manager, only for Store Manager to fail to take my complaint seriously or take any reasonable steps to investigate or resolve the problem-instead I was fired 2 days later

    ☐     religion

    ☐     national origin

    ☐     age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

    ☐     disability or perceived disability *(specify disability)*

    Diagnosed with lumbar sprain/strain and given ADA reasonable accommodations- lifting restriction, both of which were granted, then revoked by 2 female store managers who repeatedly required me to do heavy

|   |   |
|---|---|
|   | lifting and physically challenging, demanding and/or burdensome work in violation of my reasonable accommodations solely because I'm "a guy," and because they simply didn't want to do the work. |
| E. | The facts of my case are as follows. Attach additional pages if needed. |

I was subjected to illegal workplace disparate treatment discrimination by being singled out and treated differently than similarly situated employees based solely on my gender and disability, specifically employer was aware of my diagnosed ADA protected disability and granted my reasonable accommodations then violated my restrictions by requiring me to regularly lift more than 25 pounds and do physically demanding work because I am 'a guy;' Both the Defendant Store Manager and Defendant Assistant Store Manager were women, and only one male other than me worked at the store, and he and I were regularly asked to do the heavy lifting and physically demanding work at the store specifically and explicity because of our gender, as I was often told to do something challenging by the two female store managers 'because you're a guy'; I was subjected to sexual harassment by Assistant Store Manager, Defendant Suleyca Hernandez, who in three specific and separate instances rubbed her breasts on me and against my person in a manner that was harmful and offensive to me; I thereafter reported the sexual harasssment to Store Manager, Defendant Malinalitzin Oliva on July 10, 2019, who said to me 'What do you want me to say to her [Ms. Hernandez] about it'?; In the next day or two, Ms. Hernandez approached me and said 'I can't believe you told Malina that I was sexually harassing you'; I was fired on July 12, 2019, in a blatant act of Retaliation by the District Manager, Defendant Ana [last name unknown at this time], TWO days AFTER I reported the sexual harassment.
female Store Manager & female Asst Store Manager required me to do grunt work and heavy lifting in violation of my granted ADA reasonable accommodations solely because I was "a guy;' I was subjected to sexual harassment by the Asst Store Manager by 3 specific instances in 3 months of her rubbing her breasts on me and against me when she would approach and stand against me in unnecessarily close proximity; I was fired by female District Manager two days after reporting to Store Manager that I was sexually harassed by Asst Store Manager, only for Store Manager to fail to take my complaint seriously or take any reasonable steps to investigate or resolve the problem-instead I was fired 2 days later
Diagnosed with lumbar sprain/strain and given ADA reasonable accommodations- lifting restriction, both of which were granted, then revoked by 2 female store managers who repeatedly required me to do heavy lifting and physically challenging, demanding and/or burdensome work in violation of my reasonable accommodations solely because I'm "a guy," and because they simply didn't want to do the work.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

| | |
|---|---|
| A. | It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)* |

July, 2019

| | |   |   |
|---|---|---|---|
| B. | The Equal Employment Opportunity Commission *(check one)*: | | |
|   | ☐ | has not issued a Notice of Right to Sue letter. | |
|   | ☒ | issued a Notice of Right to Sue letter, which I received on *(date)* | 12/18/2019 |

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Compensatory and punitive damages up to the maximum amount allowed by statutute for employers with more than 500 employees. Damages to compensate Plaintiff for emotional harm suffered (such as mental anguish, inconvenience, or loss of enjoyment of life)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/16/2020

Signature of Plaintiff
Printed Name of Plaintiff   Victor Camargo Juarez

**B.** **For Attorneys**

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Victor Camargo Juarez<br>517 Brinkby Avenue., Apt. 813<br>Reno, NV 89509 | From: | San Francisco District Office<br>450 Golden Gate Avenue<br>5 West, P.O. Box 36025<br>San Francisco, CA 94102 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2019-01701 | Malinda K. Tuazon,<br>Investigator | (415) 522-3126 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For William R. Tamayo,
District Director

12/18/19
(Date Mailed)

Enclosures(s)

cc: Human Resources Director
CARLS JR.
5880 S Virginia St.
Reno, NV 89502

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.