UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR CAMARGO JUAREZ,<br><br>  Plaintiff,<br><br>v.<br><br>CKE RESTAURANTS, INC, *et al.*,<br><br>  Defendants. | Case No. 3:20-CV-00162-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 39] |

Before the Court is Defendant BR Reno Star LLC's ("BRRS") motion to compel and for terminating sanctions (ECF No. 39), regarding Plaintiff Victor Camargo Juarez ("Juarez"). No opposition was filed. After thoroughly reviewing the motion and record, the Court recommends BRRS's motion be granted.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

On March 16, 2020, Juarez initiated this action *pro se* by filing an application to proceed *in forma pauperis*, along with a proposed complaint, which alleged claims for employment discrimination. (ECF Nos. 1, 1-1.) On June 23, 2020, the Court screened Juarez's complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 4.) Based on the allegations in the complaint, the Court allowed Juarez to proceed on: (1) a failure to accommodate claim under the Americans with Disabilities Act ("ADA"); (2) a hostile work environment claim; and (3) a retaliation claim. (*Id.*) The Court dismissed, with leave to amend, a Title VII gender discrimination claim. (*Id.*) The Court gave Juarez thirty days to file an amended complaint. (*Id.*)

///

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    In addition to the Court's recitation of the procedural history of this case below, BRRS's motion accurately recounts Juarez's history of dilatory behavior and continual failures to comply with basic discovery obligations. (ECF No. 39 at 3-6.)

Because Juarez did not file an amended complaint, on September 14, 2020, the Court ordered that the case proceed as to BRRS on claims for failure to accommodate, hostile work environment, and retaliation, as alleged in his original complaint. (ECF No. 6.) BRRS was served on October 16, 2020 and BRRS filed an answer on November 5, 2020. (ECF Nos. 8, 9.) On January 26, 2021, the parties participated in an Early Neutral Evaluation but did not settle. (ECF No. 14.)

On February 8, 2021, the Court held a case management conference ("CMC") and approved the deadlines set out in the parties' discovery plan and scheduling order and set the close of discovery for August 9, 2021. (ECF No. 16.) At the CMC, Juarez expressed his concern with completing discovery during the COVID-19 pandemic. (*Id.* at 1.) The Court advised Juarez that he should work with defense counsel to discuss any requests for extensions of deadlines or alternatively he could file a motion for extension of time, if it was needed. (*Id.* at 1-2.) Finally, the Court set a further CMC for June 2021. (*Id.* at 2.)

Prior to the June CMC, the parties filed a joint case management report. (ECF No. 17.) The report noted that Juarez had yet to provide initial disclosures or responses to written discovery, but that Juarez anticipated answering before the next CMC. (*Id.*) On June 11, 2021, the Court issued a Minute Order stating that it had been advised that Juarez was hospitalized, and therefore the upcoming CMC set for June 14, 2021 was vacated. (*See* ECF No. 18.) The Court rescheduled the CMC for June 30, 2021. (ECF No. 20.)

At the CMC, the Court addressed Juarez regarding the Court's concern that Juarez had not conducted any discovery in the case and noted that some dates regarding discovery had already passed. (*Id.*) In consideration of Juarez's *pro se* status, the Court granted Juarez a 30-day extension of time to provide his initial disclosures and respond to outstanding discovery requests. (*Id.*) In addition, the Court extended the discovery cut-off deadline for an additional 60 days from August 9, 2021, to October 8, 2021. (*Id.*) The Court advised Juarez that a continued failure to respond to discovery would result in the

Court issuing sanctions, including case ending sanctions. (*Id.* at 1.)

Shortly before the close of discovery, on September 22, 2021, BRRS filed a motion to compel responses to its first set of requests for production of documents and first set of interrogatories, which were served on Juarez on March 25, 2021. (ECF No. 22.) BRRS argued that Juarez "has been dilatory and neglectful in both adhering to his discovery obligations, as well as prosecuting this case in general." (*Id.* at 2.) In addition to the motion to compel, BRRS also moved the Court to issue terminating sanctions against Juarez for his repeated failure to comply with his discovery obligations. (*Id.*) Finally, BRRS represented to the Court that counsel had received a voicemail from another attorney, Ms. Mack, purporting to have been retained by Juarez. (*Id.*) A response to the motion to compel was due on October 6, 2021, however, no response was filed. Accordingly, the Court *sua sponte* granted Juarez an extension of time to file a response to BRRS's motion. (ECF No. 25.) On October 28, 2021, Ms. Mack filed a response to the motion to compel on Juarez's behalf. (ECF No. 26.) However, Ms. Mack had not entered a notice of appearance on the record, and further was not admitted to practice in this Court in accordance with Local Rule IA 11-1. (*See* ECF Nos. 27, 31.)

On December 10, 2021, the Court held a hearing to address the motion to compel. (ECF No. 31.) The Court first noted that Ms. Mack was not admitted to practice in this Court and removed her from the docket as counsel for Juarez, with further direction that she was not permitted to file any papers in this action until such time as she was properly admitted to practice in this Court and had filed a proper notice of appearance. (*Id.*) The Court then advised Juarez that he represents himself in this action. (*Id.*)

As to the motion, the Court granted it in part and denied it in part—the Court did not grant case ending sanctions but did grant the motion insofar as it required Juarez to respond to discovery propounded by BRRS. (*Id.*) The Court again noted for the record that the Court had provided Juarez multiple opportunities for extensions of time to conduct discovery as a *pro se* litigant, had explained to Juarez on numerous occasions his obligations regarding discovery, and the Court again informed Juarez that if he continued

to fail to prosecute his case, it would likely result in sanctions being imposed up to and including dismissal of the action. (*Id.* at 2.) Finally, the Court again extended the discovery cut-off deadline until March 10, 2022. (*Id.*)

On March 10, 2022, the parties filed a stipulation for an extension of the discovery plan and scheduling order. (ECF No. 33.) In the stipulation, the parties explained that Juarez still had not provided adequate initial disclosures or properly responded to the outstanding discovery requests that Juarez had been repeatedly ordered to respond to. (*Id*. at 2.) The parties explained that they were still attempting to meet and confer to resolve the issues with Juarez's failure to properly comply with his discovery obligations and requested additional time to complete the meet and confer process and to allow Juarez time to properly supplement his discovery responses. (*Id.*) The Court granted this extension and set the new discovery cut-off date for April 11, 2022. (ECF No. 34.)

On April 20, 2022, BRRS filed the instant motion to compel and for case terminating sanctions. (ECF No. 39.) BRRS again requests that the Court order Juarez to produce discovery responses to BRRS's outstanding discovery requests and to pay BRRS's legal fees in connection with this motion. (*Id.*) Separately, BRRS also requests that the Court issue case terminating sanctions against Juarez for his continual "flagrant discovery violations." (*Id.*) BRRS seeks case terminating sanctions based upon two alternative grounds: (1) Fed. R. Civ. P. 37; and (2) the Court's inherent authority.

Juarez did not respond to the motion to compel and for case terminating sanctions. On this basis alone, the Court could grant the requested relief. *See* LR 7-2 (The failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion.) However, given the severity of the requested sanction, and being particularly mindful of Juarez's *pro se* status, the Court will address the motion on the merits.

///

///

///

## II.   LEGAL STANDARDS

FRCP 37(b) provides for sanctions where a party fails to comply with the rules of discovery or with court orders enforcing those rules. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 587, 589 (9th Cir. 1983) (citation omitted). FRCP 37(b)(2)(A)(iii)-(vi) states that if a party disobeys a discovery order the Court may issue an order striking pleadings, staying proceedings, dismissing the action, or rendering a default judgment against the disobedient party.

Pursuant to the Court's inherent power to sanction, dismissal is an available sanction when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 968 (9th Cir. 2006), citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). The district court is required to consider the following factors before imposing the "harsh sanction" of dismissal: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotations omitted). "Only willfulness, bad faith, and fault justify terminating sanctions. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotations omitted).

When a court order is violated, "the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990). The Court must also determine, "whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Lowry v. Metro. Transit Bd. MTBS*, No. 09cv00882, 2013 WL 4046657, at *2 (S.D. Cal. Aug. 5, 2013) (citing *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.) "Disobedient conduct not shown to be outside the control of the litigant is

sufficient to demonstrate willfulness, bad faith, or fault warranting default." *Stars' Desert Inn Hotel & Country Club Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997). Courts may dismiss actions by *pro se* litigants for failure to comply with court orders. *See Lowry*, 2013 WL 4046657, at *2 (Finding *pro se* litigant, "ha[d] shown a continued lack of respect for the judicial process that he himself initiated, and '[i]t is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct.'").

### III.     DISCUSSION

The instant motion to compel and for case terminating sanctions again requests that the Court order Juarez to produce discovery responses to BRRS's outstanding discovery requests and to pay BRRS's legal fees in connection with this motion. (ECF No. 39.) Separately, BRRS also requests that the Court issue case terminating sanctions against Juarez for his continual "flagrant discovery violations." (*Id.*) BRRS seeks case terminating sanctions based upon two alternative grounds: (1) Fed. R. Civ. P. 37; and (2) the Court's inherent authority. [3]

There is no question that Juarez repeatedly failed to comply with his discovery obligations when he failed to produce discovery as ordered on numerous occasions and after clear warnings that failure to comply may result in case terminating sanctions. (*See* ECF Nos. 17, 20, 31.) Thus, sanctions are warranted under Fed. R. Civ. P. 37. The Court now turns to the five factors outlined above to address whether case terminating sanctions are warranted.

#### A.     The public's interest in the expeditious resolution of litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law ... [and b]y the same token, delay in reaching the merits ... is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Here, Juarez's refusal to comply with his discovery obligations—in a case that *he* initiated—has delayed this case.

---

[3]     Although not specifically raised by BRRS, Local Rule IA 11-8(e) also allows the Court to impose all appropriate sanctions on a party who fails to comply with any order of this Court.

This case was initiated by Juarez on March 16, 2020—over two years ago. (ECF No. 1.) However, to date, Juarez has failed to engage in any meaningful discovery—despite the Court's repeated efforts to assist in this process through several case management conferences. His behavior is inconsistent with the purpose of the Federal Rules of Civil Procedure to provide a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. This factor favors dismissal.

### B.     The Court's need to manage its docket

The Court repeatedly extended the discovery deadlines in this case to assist Juarez in meeting his discovery obligations. The Court also repeatedly warned Juarez regarding the fact that there would be consequences, including case terminating sanctions, if Juarez did not comply with this Court's orders regarding discovery. To date, Juarez has not complied with the Court's prior orders compelling that he properly comply with his discovery obligations. Juarez's repeated refusal to comply with the Court's orders shows there is a pattern of misconduct. The Court has expended resources regarding Juarez's failure to comply with his discovery obligations and Juarez's continual refusal to comply interferes with the Court's need to manage its docket. This factor favors dismissal.

### C.     The risk of prejudice to the opposing party

Here, Juarez's actions have substantially and unreasonably delayed this case, such that if this case continues the way it has, BRRS will be prejudiced and continue to incur substantial costs. Further, BRRS would be prejudiced if it must go to trial without discovery which, "threatens to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097, n.14. Any prejudice to Juarez is far outweighed by prejudice to BRRS. This factor favors dismissal.

### D.     The public policy favoring disposition of cases on their merits

"Public policy favoring disposition of cases on their merits strongly counsels against dismissal." *PPA*, 460 F.3d at 1228. However, public policy favoring disposition of cases on their merits "lends little support" to a *plaintiff* avoiding case dispositive sanctions because the plaintiff has the responsibility to move the case toward disposition on the

merits. *Id.* (citing *In re The Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) (finding the plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits).) This factor weighs slightly in favor of dismissal.[4]

### E. The availability of less drastic sanctions

When considering this factor, the Court must compare the impact of dismissing the case to the adequacy of a less drastic sanction. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131-32 (9th Cir. 1987). The Ninth Circuit has outlined three factors to help facilitate this analysis, which are whether the court: "(1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (citing *Anheuser-Busch*, 69 F.3d at 352.)

Juarez was repeatedly ordered to comply with his discovery obligations, and he repeatedly ignored those orders. Juarez was also repeatedly warned that his failure to comply with his discovery obligations and this Court's orders would result in a recommendation for case terminating sanctions. Thus, less drastic sanctions are unavailable because Juarez has engaged in a pattern of discovery violations despite these warnings. Given Juarez's failure to comply with past orders, the Court has no reason to believe he will comply with future orders. This factor favors dismissal.

Given that most factors weigh significantly in favor of terminating sanctions, the Court finds that case terminating sanctions are warranted and recommends that the motion for terminating sanctions be granted. Because the Court recommends case terminating sanctions, BRRS's motion to compel and for fees should be denied as moot.

///

///

///

---

[4] The fourth factor is outweighed in this case by the factors in favor of dismissal. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (the Court need not discuss this factor when it is sufficiently outweighed by the other four factors).

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court concludes that the severe sanction of dismissal is warranted in this case, as outlined herein, and, accordingly, recommends that BRRS's motion for case terminating sanctions be granted and the motion to compel be denied as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant BRRS's motion for case terminating sanctions, (ECF No. 39), be **GRANTED**, and the motion to compel, (ECF No. 39), be **DENIED as moot**; and,

**IT IS FURTHER RECOMMENDED** that Plaintiff Victor Juarez's complaint, (ECF No. 5), be **DISMISSED**, and that the Clerk **ENTER JUDGMENT** and **CLOSE** this case.

**DATED**: May 16, 2022.

                                                     **UNITED STATES MAGISTRATE JUDGE**