UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| VICTOR CAMARGO JUAREZ, | Case No. 3:20-cv-00162-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CKE RESTAURANTS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Victor Camargo Juarez asserts claims against his former employer, BR Reno Star LLC ("BRRS"), doing business as Carl's Jr., for failure to accommodate under the Americans with Disabilities Act, hostile work environment, and retaliation. (ECF No. 5.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 43), recommending the Court grant Defendant BRRS's motion for case terminating sanctions, deny Defendant's motion to compel as moot, and dismiss Juarez's Complaint. Juarez had until May 30, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will award Defendant case terminating sanctions.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

1  Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no
2  clear error on the face of the record in order to accept the recommendation.").

3  Because there is no objection, the Court need not conduct de novo review, and is
4  satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends that the
5  Court award Defendant's case terminating sanctions for Juarez's continued failure to
6  prosecute this case. (ECF No. 43 at 9.) As a preliminary matter, the Court finds that Judge
7  Baldwin applied the appropriate law and used the correct balancing factors when
8  considering whether the "harsh sanction" of dismissal is appropriate. *See Hester v. Vision*
9  *Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012). (ECF No. 43 at 5.) The Court is therefore
10 satisfied that Judge Baldwin's R&R is not contrary to law. Moreover, the Court finds that
11 the R&R is not clearly erroneous. Judge Baldwin notes that, although the case has been
12 pending for over two years, Juarez has failed to participate in any meaningful discovery,
13 including producing his initial disclosures, despite repeated extensions of time. (ECF No.
14 43 at 6-7.) In the instant example, Juarez's response to Defendant's motion to compel
15 and motion for sanctions was more than three weeks late and failed to address the R&R
16 in any way, despite being filed more than two weeks after the R&R was docketed. (ECF
17 No. 44.) Because the Court has repeatedly advised Juarez that he must comply with
18 discovery deadlines and liberally granted Juarez extensions when he requested them,
19 the Court finds that Judge Baldwin's decision that case-terminating sanctions are now
20 warranted is not clearly erroneous. Having reviewed the R&R and the record in this case,
21 the Court will adopt the R&R in full.

22 It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF
23 No. 43) is accepted and adopted in full.

24 It is further ordered that Defendant's motion for case terminating sanctions (ECF
25 No. 39) is granted.

26 It is further ordered that Defendant's motion to compel (ECF No. 39) is denied as
27 moot.

28 It is further ordered that Juarez's complaint is dismissed.

The Clerk of Court is therefore directed to enter judgment accordingly and close this case.

DATED THIS 2nd Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE